Per Curiam.

There can be no doubt but delivery of possession is necessary to constitute a valid gift. This, however', was matter of fact upon which the jury have passed. And we cannot say their verdict is not warranted by the testimony. The lapse of time since the transaction took place, ought to be taken into consideration, and induce a more liberal conclusion from circumstances than ought to be allowed to more recent transactions. The evidence from which the jury have inferred a delivery, is the declaration and acknowledgments of the defendant. And these are numerous, and as full and ample as words could make them. These declarations did not relate to a gift intended to be made ; and are not to be viewed in the light of executory promises, to be carried into effect at some future day. But there were confessions that a gift had already been made. Thus, on Mr. Herring’s congratulating him on his good fortune, in drawing the prize, he said the ticket did not belong to him; he had given it to his daughter. And to Mr. Aspinwall, he declared the prize was not his, but belonged to his cjanghter. The declarations made to his wife, in 1806, twelve years after the prize was drawn, speak the same language. On her questioning, him on the subject, he says, “You know the ticket was Elisa’s, the money is her’s, and I have kept it in trade for her to good profit.” All these declarations refer to and recognise a gift as having been made. They afforded reasonable ground for a jury to infer that all the formality necessary to make it a valid gift had been complied with, and the right and title of the plaintiff to the money complete and vested; and that the same was received and held by the plaintiff, for her use and benefit. *301 As it has been employed by him in trade to good profit, interest ought to be allowed.
The motion for a new trial must, therefore, be denied.