[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 504 
The first question presented is, whether there was a sufficient delivery of the property in question by Lawrence to the plaintiff, to constitute a valid gift of the property. Assuming the mortgage sale to have been sufficient and valid to pass the property to Lawrence, it became his immediately upon the purchase, and he had an immediate right to remove it from the premises occupied by the plaintiff and her husband. Instead of doing so, he goes into the house, points out various articles of the property, and says to the plaintiff that he gives it, and all the property he had that day purchased, to her, and goes away and leaves the property, and the plaintiff continues its use for the purposes and in the manner she had used it while the title was in her husband. This we think was all the delivery that was necessary to constitute a valid gift, and as between Lawrence and the plaintiff her title was perfect. Where a father bought a lottery ticket, which he declared he gave to his infant daughter, and wrote her name upon it, and after it had drawn a prize declared he had given the ticket to his child, and that the prize money was hers, it was held, that it was sufficient for a jury to infer all the formality requisite for a valid gift. (Grangiac
v. Arden, 10 J.R., 293.)
A man and woman lived in the same boarding house, and he maintained and treated her as a daughter, and both had access to the room in which he had a trunk. Being about to go away, and being in another room of the house, he said to her, "my trunk up stairs, and what is in it I give to you, there is *Page 505 
enough in it to take care of you a spell." He went away, and returned in a few days, and occupied the room, and used the trunk and clothes as usual, until he died a short time thereafter. The woman took the trunk and contents after his death, and it then contained a pass-book in a savings bank. Held, to be a valid gift of the book, and of the money mentioned therein standing to his credit in the bank. (Penfield v. Public Administrator, 2 E.D. Smith R., 305.)
Much more was done in the case under consideration. A considerable portion of the property was in the room where the parties were; it was pointed out to the donee by the donor, who said, "I give you this property, and all I have bought today," and went away, and left it at the absolute control of the donee. The mere fact that the donee and her husband lived together, and occupied the house as man and wife cannot affect the question. The wife may now own personal property, separate from the control of her husband, and the reducing of it to possession by him does not divest her of her property.
Under the law, as it now stands, where the wife has separate property, which is kept in the house in which she and her husband reside, it is to be deemed in her possession, as much as the property of the husband kept therein may be deemed in his possession. Assuming therefore that Lawrence obtained a good title by his purchase, when he gave it to the plaintiff and the possession was continued in the house occupied by her and her husband, it is to be deemed her possession. We think the judge at the circuit was wrong in holding, as a matter of law, that there was not a valid gift of the property to the plaintiff.
The questions as to whether or not there was sufficient proof of the consideration of the mortgage to Mary N. Allen, or sufficient proof of excuse for want of change of possession under the mortgage, will be considered together.
The mortgage upon its face acknowledged an indebtedness from the mortgagor to the mortgagee, of $680.25, and was given to secure the payment of that amount, with interest, on *Page 506 
the 15th March, 1856, and was duly filed on the day it was executed. Immediately after it became due, the mortgagee took measures to sell the property at public auction, to pay the debt; at the sale, Lawrence became the purchaser, paid a small portion of the purchase-money, sufficient to pay the charges of the auctioneer, and gave his note for the balance to the mortgagee. He was therefore a purchaser for value. The mortgagor was present at the sale, and it does not appear that he made any objections thereto or set up any claim that the mortgage was invalid. Up to this time the creditor, at whose instance the property was afterwards seized, had no judgment against the mortgagor, and did not obtain one until some six months thereafter. He therefore had no lien upon the property in question, when Lawrence purchased. The purchase by Lawrence therefore was valid, as between him and the mortgagor, and vested the title of the property in him, subject only to be impeached by the creditors of Allen, as having been made with intent to defraud them. Up to this time, the failure to take possession of the property could not be impeached by this creditor, as he had no judgment or execution to enable him to attack the validity of the mortgage. If Lawrence had then taken and continued in the actual possession of the property up to the time of the levy thereon, his title could not, as a question of law, have been defeated, simply by proving the judgment, execution and levy, and that the mortgagee had suffered the property to remain in the possession of the mortgagor until the mortgage became due, or until the sale thereon. The bonafides of the mortgage and sale to and purchase by Lawrence, might have been attacked by other evidence, but then it would have been a question of fact for the jury. The plaintiff having become the donee of the property from the purchaser, on the day of the sale, the subsequent possession thereof must presumptively be deemed hers, and her title thereto could no more be attacked, than could that of Lawrence, by simply proving the failure of the mortgagee, to take possession of the property before the sale; in other words the title of the plaintiff is not in law fraudulent *Page 507 
by reason of such omission. I concede that the failure of the mortgagee to take possession of the property; the want of proof of an actual valid consideration for the mortgage; the fact that the mortgagee was a daughter of the mortgagor; the relationship of the purchaser at the sale; the fact that no considerable portion of the purchase-money was paid at the sale, except by the purchaser's note, which is still unpaid; the immediate donation of the property by him, to the wife of the mortgagor, and the continued possession thereof by her or her and her husband, are circumstances proper to be submitted to a jury, from which they might or might not determine that the mortgage and subsequent sale thereon, the purchase by Lawrence, and donation to the mortgagor's wife, were all acts done with intent to defraud, or hinder and delay the creditors of the mortgagor, in the collection of their debts; and if the jury had so found, I think their verdict would have been conclusive. But this should have been submitted to the jury, instead of being determined as a matter of law by the court.
The fourth proposition on which the complaint was dismissed at the circuit, was, that if the proof of the gift was sufficient, the possession of the property by Allen afterwards, made the property his, and subject to execution against him. This proposition has already been answered in the assertion, that if Lawrence acquired a valid title to the property, and the gift to the plaintiff be valid, the subsequent possession must be deemed the possession of the plaintiff.
I think the judgment should be reversed, and a new trial ordered, costs to abide the event.
All the judges concurring,
Judgment reversed, and new trial ordered. *Page 508