JOSEPH TROW, Respondent, v. CARRIE S. SHANNON as Executrix, etc., Appellant.

In an action for the alleged conversion by L., defendant's testatrix, of certain United States bonds, which plaintiff claimed had been previously given to him by L., plaintiff testified, in substance, that L. placed the bonds in an envelope marked with plaintiff's name, calling them his, and directed him, "if anything should happen to her," to take possession of all that was in the safe, and deposit it with the safe deposit company, and keep his bonds himself; the bonds were afterwards kept in the same safe where L. had previously kept them. Plaintiff also testified that the bonds were in his possession in 1872, and were his property; that he drew interest upon them for three years and a-half; that they were in an envelope marked "Joe Trow's property," and were kept in the safe of L.'s husband. Other witnesses testified to declarations of L., to the effect that she had given the bonds to plaintiff; that they were his bonds, and that he had the interest thereon as it accrued; also that plaintiff had access to the safe, and that plaintiff at one time, in L.'s presence, cut off the coupons. *Held*, that what occurred at the time the bonds were placed in the envelope did not amount to an executed gift, but that, upon the whole evidence, it was a question of fact for the jury, whether the gift had not been at some time completed.

Defendant gave in evidence a release executed by plaintiff, which was entitled in a matter pending in the surrogate's court in relation to the revocation of letters testamentary which had been issued to plaintiff as executor of the husband of L. It recited the revocation of the letters, and that by the order of the surrogate plaintiff was directed to execute a general release of any rights to the office of executor, as well as any claims and demands against the testator or his estate, or the executrix, L. The release then stated that, "in compliance with said order," plaintiff renounced his office, and in consideration of one dollar paid him by L., and other considerations, he released her individually and as executrix, and the estate, of all claims and demands of every sort, whether against her individually or against the deceased or his estate. *Held*, that the release could not, in the absence of anything appearing on its face extending it beyond the scope of the surrogate's order, be deemed to extend to matters having no connection with the estate; and that it did not include and release the claim in suit.

(Argued September 25, 1879; decided November 11, 1879.)

APPEAL from judgment of the General Term of the Court of Common Pleas, in and for the city and county of New York, affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was originally brought against Ann Lohman for the alleged conversion of ten United States $1,000 bonds. Upon her death, the present defendant, as her executrix, was substituted as defendant. Plaintiff claimed that the bonds were given to him by the deceased, and that subsequently she took possession of and sold them.

The evidence, on the part of plaintiff, as to the gift, is set forth substantially in the opinion. At the close of plaintiff's evidence, defendant's counsel moved for a nonsuit, which was denied, and said counsel duly excepted.

Defendant gave in evidence the following instrument :

"SURROGATE'S COURT — COUNTY OF NEW YORK.

> In the Matter of the Application of
> JOSEPH TROW, an Executor of the
> Last Will and Testament of
> CHARLES R. LOHMAN, deceased,
> that his letters testamentary be
> revoked, and that he be dis-
> charged.

"Whereas, upon my application to the surrogate of the county of New York, in this matter heretofore made, an order has heretofore been entered bearing date the 24th day of April, A. D., 1877, in and by which the letters testamentary heretofore granted to me by said surrogate upon the last will and testament of said Charles R. Lohman, deceased, which letters testamentary bear date the 1st day of March, A. D., 1877, were revoked so far as the same affect me, by which said order I was relieved and discharged from my office and trust as executor of said last will and testament ; and whereas, in and by said order, I was directed forthwith to execute, acknowledge and file in the office of said surrogate, a resignation and renunciation by me of my said office as executor, and also a full and general release of any rights thereto, or to the emoluments thereof, as well as of any rights, claims or demands which I might have upon or against the said testator or his estate, or the executrix

thereof, saving only my right to the annuity and legacy to me given in and by the second section or subdivision of the said will.

"Now, therefore, in compliance with the said order, know all men by these presents, that I, the said Joseph Trow, have resigned and irrevocably renounced, and do hereby resign and irrevocably renounce my office as executor of the last will and testament of said Charles R. Lohman, deceased, and all rights thereto. And for, and in consideration of, one dollar, lawful money of the United States, to me in hand paid by Ann Lohman, as executrix of the said last will and testament, other good and valuable considerations moving me hereto, the receipt of which is hereby acknowledged, I have remised, released and forever discharged, and I do for myself, my heirs, executors and administrators by these presents, remise, release and forever discharge the said Ann Lohman, individually and as executrix as aforesaid, and her heirs, executors, administrators and successors, and also all and every the goods, chattels, credits, assets, property and estate which were of the said Charles R. Lohman aforesaid, of and from all rights, claims and demands of any and every sort, which against her individually, or as executrix as aforesaid, or against her heirs, executors, administrators or successors, or against the said Charles R. Lohman, now deceased, as aforesaid, or against the goods, chattels, credits, assets, property or estate which were of him, I ever had, now have or which I or my heirs, executors, or administrators hereafter can or may have for, upon, or by reason of any matter, cause or thing whatever, from the beginning of the world to the day of the date of these presents.

"It being understood, however, and hereby declared, that nothing herein contained shall prejudice, or in any manner affect the right of said Ann Lohman, to collect and recover from and out of said assets and estate, the annuity and legacy to me given in and by the second section or subdivision of said last will and testament, which said annuity by instrument under my hand and seal bearing even date with these

presents, has been sold and assigned by me to said Ann
Lohman, and is now her sole and individual property.

> "In witness whereof I have hereunto set my hand and
> seal this 28th day of April, A. D., eighteen hundred
> and seventy-seven.
>                               "JOSEPH TROW [L. s.]."

The court charged the jury that plaintiff's claim was not
released by this instrument, to which charge defendant's
counsel duly excepted.

*Orlando L. Stewart,* for appellant.   There was not at any
time an executed gift of the bonds in suit from defendant's
testatrix to plaintiff.   (2 Kent's Com., 554; 1 Parsons on
Contract, 234; *Pierson* v. *Pierson,* 7 J. R., 26; *Noble* v.
*Smith,* 2 id., 52; *Cook* v. *Husted,* 22 id., 188; *Johns* v.
*Spies,* 5 Hun, 468; *Harris* v. *Clark,* 3 N. Y., 43, 113; *Little*
v. *Willets,* 35 Barb., 125; *Curry* v. *Powers,* 70 N. Y., 212;
*Bedell* v. *Carll,* 47 id., 585.)   If there had been a valid gift
plaintiff settled his claim to the bonds by the general release
executed by him.   (2 Cowen Treatise, § 1, 109; *Hoes* v.
*Van Hoesen,* 1 Barb. Chy., 379, 398; *Van Brunt* v. *Van
Brunt,* 3 Edw. Chy., 14; 2 Bouvier's Law Dict., 424.)

*Justus Palmer,* for respondent.   The title to the bonds in
suit was absolutely vested in plaintiff.   (*Cooper* v. *Burr,*
45 Barb., 10; *Hunter* v. *Hunter,* 19 id., 635; *Bedell* v.
*Carll,* 33 N. Y., 581; *Grover* v. *Grover,* 24 Pick., 261;
*Grangiac* v. *Arden,* 10 J. R., 293; *Doby* v. *Wilson,* 47 N.
Y., 580; *Westerloo* v. *DeWitt,* 36 id., 340; *Champing* v.
*Blanchard,* 39 id., 111; *Allen* v. *Cowen,* 23 id., 502; *Gray* v.
*Barton,* 55 id., 68.)   There was nothing left undone by the
donor to consummate a perfect gift.   (*Gray* v. *Barton,* 55
N. Y., 68; *Doby* v. *Wilson,* 47 id., 340; *Penfield* v. *Thayer,*
2 E. D. Smith, 305; *Winchin* v. *Merrell,* 2 Edw. C. R.,
333; *Herr's Appeal,* 5 Watts & Serg. [Pa.], 494.)   The fact
that the donor had the means of getting possession of the

bonds, after the delivery to the donee and the title had passed, did not affect the validity of the gift nor the donee's title. (*Blake* v. *Jones*, 2 So. Car., 629; *Smith* v. *Smith,* 32 Eng. C. L., 567; *Reyston* v. *Hankee*, 30 id., 308; *Reddel* v. *Dobree,* 10 Simons, 244.) Placing the bonds in a safe where the donor had access, and also bonds of her own, was not a restoration of possession to her. (*Hunter* v. *Hunter*, 19 Barb., 638; *Allen* v. *Cowen*, 23 N. Y., 502; *Herr's Appeal*, 5 Watt's & Serg., 494.) Any act to be done or promise by a donee, not constituting a condition of delivery or title, does not invalidate the gift. (*Doty* v. *Wilson*, 47 N. Y., 580; *Krenz* v. *Krozer*, 22 Ill., 74.) Courts are bound to construe and limit a general release to the subject-matter mentioned in the recital and to restrict it to what was under consideration at the time of giving it. (4 Bacon's Abridgt., K.; 14 Petersdof's Abridgt., 149; *Simmons* v. *Johnson*, 3 B. & Adol., 49; *Remsdens* v. *Hilton*, 2 Ves. Sr., 304; *Cole* v. *Knight*, 2 Mod., 279; *Rich* v. *Lord*, 18 Pick., 322; *McIntyre* v. *Williamson*, 1 Edw. Chy., 34; *Hoes* v. *Van Hoesen*, 1 Barb. Chy., 379; *Jackson* v. *Stackhouse*, 1 Cow., 122; *Lyman* v. *Cole*, 9 Mass., 235.) Where a release itself shows that it applies to some particular object, parol evidence may be received to show that that object was distinct from the subject-matter of the action in which it is set up as a bar. (*Paylor* v. *Homersham*, 4 M. & Sel., 423; *Simmons* v. *Johnson*, 3 Barn. & Adol., 51; *Cole* v. *Knight*, 3 Mod., 177; *Boylston M'fg. Co.* v. *Searls*, 15 Pick.; *Rathbun* v. *Stocking*, 2 Barb., 135; *Ide* v. *Sadler*, 18 id., 32; *Howlett* v. *Howlett*, 56 id., 468; *Grew* v. *Buck*, 12 Hun, 267; 4 T. & C. [N. Y. Sup. Ct. R.], 422.)

RAPALLO, J. I think the statement of the plaintiff as to what transpired between him and Mrs. Lohman in January, 1870, fails to establish a completed gift at that time. The substance of his testimony is, that after having set apart three parcels of bonds in three envelopes, she declared to him that one was for Mrs. Purdy, one for Charles R. Purdy, and one,

containing $10,000, marked with the name of the witness she called his and instructed him : "If anything should happen to her (the meaning of which expression seems to have been well understood) to take possession of all that was in the safe and deposit it in the Safe Deposit Company, and keep his own bonds himself." On cross-examination he varies the language by saying that she told him to take charge if anything should happen, if she was being arrested or any trouble with any one, and take the bonds and deposit them in the Safe Deposit Company, and to take the $10,000. After this conversation it appears that the bonds were kept in the same safe where Mrs. Lohman had previously kept them.

If nothing more appeared in the case the proof would fall short of establishing an executed gift of either of the three parcels of bonds. The instruction to the plaintiff to "take possession," or "take charge' if anything should happen,'" excludes the idea that an immediate delivery was intended, and indicates that her intention was to retain the possession and control of the bonds until or unless something should happen to render it desirable that they should be out of her possession. So long as the authority to him to take possession remained conditional and unexecuted, there was no completed gift.

But the plaintiff did not testify that what occurred on that occasion was all that ever transpired between him and Mrs. Lohman on the subject of these bonds. He testified that the bonds were in his possession in 1872, and were his property ; that he drew interest on them for three years and a-half ; that they were in an envelope marked "Joe Trow's property," and were kept in Dr. Lohman's safe. Three other witnesses testified that Mrs. Lohman stated to them that in consideration of his services to her she had given him $10,000 in United States bonds. It also appeared that the plaintiff had access to the safe where the bonds were kept, and one witness gives testimony tending to show that he saw plaintiff and Mrs. Lohman engaged together cutting off coupons of bonds, and that plaintiff cut off the coupons of the

bonds in the envelope marked with his name, and put them in his vest pocket.

It was also in evidence that Mrs. Lohman admitted that plaintiff had the interest on the bonds as it accrued, and that she called them his bonds.

Upon this evidence it was a question of fact for the jury whether the gift had not been at some time completed; and the court could not take that question away from them, and confine the plaintiff to the effect of the transaction of January, 1870, testified to by him. The credibility of the witnesses was purely for the consideration of the jury.

The next question presented is that which arises on the subject of the release executed by the plaintiff in 1877. Some exceptions are taken to rulings upon the inquiry as to whether anything was said during the negotiations for the release, or at the time of its execution, on the subject of the claim now in suit; but these exceptions are rendered immaterial by the final charge of the judge as to the effect of the release. He charged the jury squarely that the plaintiff's claim was not released by the general release. If this charge is wrong the exception to it covers the whole ground. If it is correct, then what was said at the time is immaterial.

The release is dated April 28, 1877, and is entitled in a matter pending in the Surrogate's Court in relation to the revocation of letters testamentary which had been issued to the plaintiff as executor of Charles R. Lohman, deceased. It recites the revocation of the letters on the application of the plaintiff, and that by the order of the surrogate the plaintiff was directed forthwith to execute, acknowledge and file in the office of the surrogate a resignation and renunciation as executor, and a full and general release of any rights to such office, as well as of any rights, claims or demands which he might have upon or against the testator or his estate, or the executrix thereof, saving only a certain legacy.

The release then proceeds to state that, *in compliance with said order*, the plaintiff irrevocably renounces his office as executor, and in consideration of one dollar to him paid by

Ann Lohman, as executrix of the will of Charles R. Lohman, and for other good and valuable considerations, releases the said Ann Lohman individually and as executrix, and the estate, late of Charles R. Lohman, deceased, from all claims and demands of any and every sort which, against her individually, or against Charles R. Lohman, deceased, or his estate, the plaintiff ever had, has or may have, from the beginning of the world to the date of the release, saving a legacy under the will which the plaintiff had assigned to Mrs. Lohman.

It thus appears on the face of the release that it was executed in compliance with an order of the surrogate's court having reference to the estate of Charles R. Lohman, deceased, which required the plaintiff to execute a full and general release of all claims and demands against the executrix. It cannot, in the absence of anything appearing on its face to extend it beyond the scope of that order, be deemed to apply to any private matters between the plaintiff and Mrs. Lohman having no connection with the estate of Charles R. Lohman. The use of the term individually, in the release, does not so extend it, for some individual liability of Mrs. Lohman to her co-executor might have arisen out of their dealings with the estate, and by the order he was required to give her a full and general release. The release given is in the ordinary form of such an instrument, and when stating on its face that it was given in compliance with the order, cannot be deemed as intended to have any greater operation than to effect such compliance. We therefore think that the construction placed upon the instrument was correct, and that the evidence admitted, as to nothing being said at the time about this claim, was wholly immaterial and harmless.

The objection that no demand of the bonds was proven, if well founded in fact, is untenable, an actual conversion, by the sale of the bonds, having been shown. This dispensed with the necessity of a demand.

The judgment should be affirmed.

All concur.

Judgment affirmed.