ELIZABETH PRITCHARD, APPELLANT, *v.* JOHN W. HIRT, RESPONDENT.

*Practice — to review a motion for nonsuit the case must show a ruling and an exception thereto — gift of a promissory note — the owner may testify as to his intent in delivering it.*

The case, as settled by the referee before whom this action was tried, stated that a motion to dismiss the complaint was made on the ground that no case had been proven against the defendant, but it did not state how he disposed of the motion, or that any exception was taken by either party. The referee subsequently found that the plaintiff had no title to the note upon which the action was brought, and directed the complaint to be dismissed.

*Held,* that the case did not present for review any question as to the ruling of the referee on the motion for a nonsuit.

The plaintiff testified that her husband, to whom the note had been indorsed and delivered by the defendant, gave it to her before it fell due, that he handed it to her and that she took the absolute possession and title to it by gift from him. Her husband corroborated her testimony. He was then asked by the plaintiff's counsel, " at the time you handed these notes to your wife, did you intend to part with the title and give the notes to her ? "

*Held,* that it was error for the referee to refuse to allow the witness to answer the question.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee in Oneida county.

The action was brought to recover against the defendant as the indorser of a note set out in the complaint, which had been indorsed by the defendant and delivered to John J. Pritchard, the husband of plaintiff. It was alleged that the husband in August, 1876, before the note fell due, gave the same and transferred and delivered it to the plaintiff.

The case, as settled by the referee, states, at the close of the

evidence, that a motion was made for a nonsuit or to dismiss the complaint, on the ground that no case has been proven against the defendant. But it does not state what he did with the motion, nor that an exception was taken in behalf of either party. In the report of the referee it is stated, viz.: "And I having duly considered the evidence given find, as a fact, that it is not shown that the said plaintiff was the owner of said note at the time of the commencement of this action." He states also: "I find as conclusion of law that the plaintiff has failed to show that she owned said note at the time of the commencement of this action, and that the defendant is entitled to judgment of nonsuit in this action, and I order and direct that such judgment be entered." The plaintiff served and filed exceptions to the report. The defendant filed the report and entered a judgment "that the plaintiff's complaint herein be dismissed," and for costs.

Evidence was given tending to show a gift of the note to the plaintiff by her husband, and the note was produced from her attorney's hands where she had sent it for collection. The plaintiff testified that she owned the note. Her husband was called to corroborate her evidence. The defendant to show to the contrary read in evidence the plaintiff's testimony taken before the county judge of Herkimer *de bene esse.*

*Emmett J. Ball,* for the appellant.

*R. O. Jones,* for the respondent.

HARDIN, P. J.:

*Vanderlip* v. *Keyser* (68 N. Y., 444) requires a holding that the case, as made up, does not present to us an exception as to the ruling upon the trial upon defendant's motion for a nonsuit, or to dismiss plaintiff's complaint. Appellant should have had his case show a distinct ruling and an exception. The referee at least "should have been requested to decide the motion as of that time, and if he had refused to do so an exception taken to such refusal. If the motion had been granted an exception should have been taken to his decision." (MILLER, J., page 445.) Such should have been the case brought to us, if the appellant would reverse the finding or the decision of the referee as

one of law that there was no evidence to sustain the complaint as to plaintiff's ownership of the note. We are called upon to treat the referee's report as one passing upon the evidence and upon the merits of the case made by the evidence. The question of fact and the rulings and exceptions taken in the progress of the trial are here for review.

*Second.* Plaintiff's position was that her husband gave her the note in question in August, 1876, before it fell due. That he handed the note to her and that she by a gift *inter vivos* took the absolute possession and title to the note from her husband. Her husband corroborates her in a narrative of the facts and circumstances attending the interview and delivery of the note He was then asked by plaintiff's counsel, viz.: "At the time you handed these notes to your wife, did you intend to part with the title and give the notes to her? Defendant objected as incompetent, calling for a conclusion not fact. Plaintiff took an exception to the ruling excluding the evidence.

We think the referee fell into an error. Whether a gift was made or not, was a question of fact. A delivery of the note with an intention to give it to plaintiff was essential to establish a valid gift. (*Trow* v. *Shannon*, 78 N. Y. 446; *Young* v. *Young*, 80 id., 422; *Jackson* v. *Twenty-third Street Ry. Co.*, 88 N. Y., 526.)

What the intention of the husband was at the time of the delivery was a fact not only essential to plaintiff's theory of a gift, but it bore upon the position taken by the defendant that the delivery was to the plaintiff to enable her "to keep the note" for the husband. If the husband had died and the plaintiff was seeking to establish the gift she would be permitted to prove the declaration of the husband, that it was his intention to give the note to his wife and that such was his intention when he delivered it to her. (*Hunter* v. *Hunter*, 19 Barb., 634; *Seymour* v. *Wilson*, 14 N. Y., 567; *Forbes* v. *Waller*, 25 id., 439.)

The fact that the husband was alive at the trial, and could give evidence of his intention does not change the rule or the principle upon which it rests. It merely alters the mode of proof. In conjunction with the facts attending the delivery of the note, it was competent to prove the actual intention of the donor of the note at the time of the alleged gift. We think the evidence was improperly

excluded by the learned referee and that the exception presents an error which requires a reversal.

The evidence was conflicting before the referee, and we cannot say that he would not have been influenced by the evidence excluded. Certainly, the evidence related to the very pivotal point upon which the plaintiff was turned out of court without a recovery. Plaintiff had given *prima facie* evidence by production of the note of ownership. She had testified to ownership herself; had stated a gift to her, and her husband had corroborated her in many essentials. He was not allowed to add the fact that it was his intention, at the time of the delivery of the note to her, to make a gift of it to her. For the error thus pointed out, we think there should be a new trial. Plaintiff was only called upon to make out a valid transfer of the note to establish the legal title to it. Apparently upon the evidence before us, the defendant had no legal interest to inquire " whether the transfer was an actual sale or merely colorable, or whether a consideration was paid therefor," or whether as between the husband and wife the gift was for good motives or not. (*Sheridan* v. *Mayor*, 68 N. Y., 30.) In either event a payment of the note by the defendant to plaintiff, or a recovery against him would bar the plaintiff and her husband, the former owner of the note. A formal transferee may be the real party in interest. (Code of Civil Pro., § 449; *Merchants' Bank of C.* v. *U. R. R. & T. Co.*, 69 N. Y., 373; *Hays* v. *Hathorn*, 74 id., 486; *Sullivan* v. *Bonesteel*, 79 id., 631.) When the husband was on the stand, the referee did not allow him to state that he was not owner of the note. We think the referee held the plaintiff within too narrow compass in regard to her evidence, and that a new trial should take place.

The judgment should be reversed, and a new trial ordered before another referee, with costs to abide the event.

FOLLETT and CHURCHILL, JJ., concurred.

Judgment reversed, and a new trial ordered before another referee, with costs to abide event.