MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Plaintiff, *v.* MONTFORD C. HOLLEY et al., as Administrators of the Estate of FRANK J. CONOVER, Deceased, Appellants and Respondents.

GERTRUDE M. DRAPER, Respondent and Appellant.

Argued March 2, 1939; decided April 18, 1939.

*George C. Riley* for Gertrude M. Draper, appellant and respondent. The testimony found credible to sustain the gift also proved the aggregate amount of the policies transferred. The court erred in eliminating the findings of the trial court showing the intent of the decedent to include the fourth policy in the gift. (*Rothstone* v. *Norton*, 231 App. Div. 59; 256 N. Y. 601; *Steinbach* v. *Diepenbrock*, 158 N. Y. 24; *Whitehead* v. *N. Y. Life Ins. Co.*, 102 N. Y. 143; *Matter of Connors*, 246 App. Div. 144; 271 N. Y. 560; *Gannon* v. *McGuire*, 160 N. Y. 476; *Matter of Cohn*, 187 App. Div. 392; *Levy* v. *N. Y. Life Ins. Co.*, 238 App. Div. 711; 266 N. Y. 570; *Andrews* v. *Nichols*, 116 App. Div. 645; *Farian* v. *Wiegel*, 76 Hun, 462; *Matter of Cummings*, 181 App. Div. 286; *McKeon* v. *Van Slyck*, 223 N. Y. 392; *Matter of Walsh*, 248 App. Div. 673; *Northern Life Ins. Co.* v. *Burkholer*, 131 Ore. 537.) A gift *inter vivos* may be found from the subsequent declarations of the donor which establish the essentials of such gift, *i. e.*, intent to give, delivery to or for the donee and acceptance by the latter. (*Matter of Sherman*, 227 N. Y. 350; *Beaver* v. *Beaver*, 117 N. Y. 421; *Rothstone* v. *Norton*, 231 App. Div. 59; 256 N. Y. 601; *Olmsted* v. *Keyes*, 85 N. Y. 593; *Steinbach* v.

*Diepenbrock*, 158 N. Y. 24; *Cuyler* v. *Wallace*, 183 N. Y. 291; *Gannon* v. *McGuire*, 160 N. Y. 476; *Levy* v. *N. Y. Life Ins. Co.*, 238 App. Div. 711; 266 N. Y. 570; *Matter of Connors*, 246 App. Div. 144; 271 N. Y. 560.) The evidence clearly established the gift *inter vivos* of the policies and the findings are supported by the evidence. (*Richardson* v. *Emmett*, 61 App. Div. 205; *Judson* v. *Hatch*, 171 App. Div. 246; *Andrews* v. *Nichols*, 116 App. Div. 645; *Metropolitan Co.* v. *Dunne*, 2 Fed. Supp. 165; *Matter of Pastore*, 155 Misc. Rep. 247; *Whitehead* v. *N. Y. Life Ins. Co.*, 102 N. Y. 143; *Ridden* v. *Thrall*, 125 N. Y. 572; *McGlynn* v. *Curry*, 82 App. Div. 431; *Levy* v. *N. Y. Life Ins. Co.*, 238 App. Div. 711; 266 N. Y. 570; *Barnett* v. *Prudential Ins. Co.*, 91 App. Div. 435; *Matter of Walsh*, 248 App. Div. 673; *Matter of Connors*, 246 App. Div. 144; 271 N. Y. 560; *Matter of Shelley*, 134 Misc. Rep. 265; *Rix* v. *Hunt*, 16 App Div. 540; *Matter of Brown*, 252 N. Y. 366; *Trow* v. *Shannon*, 78 N. Y. 446.)

*J. Carl Fogle* for Montford C. Holley et al., as administrators, respondents and appellants. As a matter of law, the evidence was insufficient to establish a gift. (*Wadd* v. *Hazelton*, 137 N. Y. 215; *Continental Life Ins. Co.* v. *Sailor*, 47 Fed. Rep. [2d] 911; *Matter of Van Alstyne*, 207 N. Y. 298; *Farmers' L. & T. Co.* v. *Winthrop*, 238 N. Y. 477; *Matter of Bolin*, 136 N. Y. 177; *Jackson* v. *23rd St. Ry. Co.*, 88 N. Y. 520; *Vincent* v. *Rix*, 248 N. Y. 76; *Matter of Gilman*, 92 Misc. Rep. 140; 175 App. Div. 185; 220 N. Y. 659; *Ridden* v. *Thrall*, 125 N. Y. 572; *Matter of Brown*, 130 Misc. Rep. 865; 225 App. Div. 759; 252 N. Y. 366; *Baker* v. *Metropolitan Life Ins. Co.*, 111 App. Div. 500; 187 N. Y. 562; *Curry* v. *Powers*, 70 N. Y. 212; *Augsbury* v. *Shurtliff*, 180 N. Y. 138.)

HUBBS, J. At the time of the death of Frank J. Conover on February 22, 1937, he possessed four life insurance policies of the value of $13,400, issued by the Mutual Life Insurance Company upon his life, each payable to his administrators, executors and assigns. The defendant

Gertrude M. Draper, claiming to be the owner of the policies by gift, demanded that the proceeds of the policies be paid to her. The defendant administrators disputed the claim of the defendant Draper and claimed the proceeds of the policies. The plaintiff insurance company brought this action of interpleader for the purpose of having it determined to whom it should pay the proceeds of the policies. The case was referred to an official referee, who found that the defendant Draper was the owner of the policies; that the insured had given her the policies as a valid gift *inter vivos*. The Appellate Division affirmed the judgment in favor of the defendant Draper as to three of the policies, but as to the fourth decided that she had failed to establish a gift, and reversed the judgment entered in her favor awarding her the proceeds of that policy. The defendant Draper has appealed from that part of the judgment of the Appellate Division which awarded the proceeds of the fourth policy to the defendant administrators and the administrators have appealed from that part of the judgment which affirmed the judgment entered on the decision of the referee and awarded the proceeds of the three policies to the defendant Draper. As the affirmance was unanimous as to three of the policies we are required to ascertain only whether there is evidence to sustain the findings of the learned official referee in regard to these policies. The Appellate Division having reversed the findings of the referee to the effect that there had been a valid gift of the fourth policy and made new findings, we are required, as to that policy, to examine the evidence and decide the facts " with appropriate respect for the findings of the trial court." (*Forbes* v. *Todd*, 266 N. Y. 384, 386.)

The insured, a business man, was a bachelor, forty-nine years of age at the time of his death. The defendant Draper, a maiden lady, was thirty-seven years of age. Their families had been intimate friends for years, living in the same neighborhood in the city of Lockport. For several years they had been engaged to be married. He had given her a diamond engagement ring and their marriage

was to have taken place in June, 1937. Three months before he had opened a bank account in their joint names and deposited therein $5,000. His nearest relatives were one uncle and two half-uncles, who are the sole distributees of his estate. The record does not disclose any close relationship between the insured and these distant relatives. In fact, there is some evidence that he did not recognize any relationship. In August, 1936, the insured and the defendant Draper drove to Buffalo and he called at the local office of the insurance company and paid the premium due on the three policies awarded to her by the judgment of the Appellate Division. While there he had the cashier prepare an application to the insurance company to designate the defendant Draper as beneficiary in each of the three policies in place of his executors, administrators or assigns. He signed the applications, which were witnessed by the cashier. They were not filed with the company as he said he wished to show them to Miss Draper, who was outside in the automobile. Each application referred to her as " insured's intended wife." It is not clear whether three or four applications for change of beneficiary were made out. The learned official referee found that four were filled out and signed, but the Appellate Division found that only three applications were signed.

In the view which we take of the case it is immaterial whether three or four applications were signed. Mrs. Draper, the mother of defendant, testified that on their return from Buffalo to her home that evening the insured said, " ' Mama, look what I have done for your daughter, I have left her all my money, life insurance ' and he pulled a bunch of papers out of his inside pocket and came over to me and he said ' I have left it to my intended wife, Gertrude M. Draper.' Then he turned around and handed the paper to Gertrude and said, ' Gertrude, put them away, they are important,' and she said to Frank, ' put them in your safety deposit box along with my policy.' " He displayed a bunch of keys and said " ' Gertrude, I will show you the deposit box key, if anything happens to me, so you can go and get

them.' " The policies were found in his safe deposit box after his death. Mrs. Draper also testified that about five years before the insured " said he had given Gertrude all his Mutual Life policies." It appears that he had only four Mutual Life policies, those here in question.

Mrs. Hunter, who, the referee expressly found, was a disinterested witness, testified that one evening in December, 1936, while the insured, the defendant Draper and she were together, the insured stated that he had given all of his Mutual Life insurance policies to Gertrude. The defendant Draper was not permitted to testify to any extent on the supposition that section 347 of the Civil Practice Act prevented her. She was, however, permitted to testify that she had seen the policies in question.

We are of the opinion that the declarations of the insured, taken in connection with the surrounding circumstances, sustain the finding of the learned referee that the insured made a valid gift of the four policies in the Mutual Life Insurance Company to Gertrude M. Draper, his intended wife.

The question is whether the declaration of the insured that he had given the policies to Miss Draper is some evidence to support a finding that the policies had been delivered to her. The courts of some jurisdictions have firmly established the rule that a gift *inter vivos* cannot be proved by evidence of declarations of the donor, but that there must also be other evidence of the delivery of the property attempted to be given. (See note 1916E L. R. A. p. 288.) The courts of this State appear to have accepted such evidence since the earliest times. In 1813, in *Grangiac* v. *Arden* (10 Johns. 293, 296), the court recognized that a delivery was necessary, but decided that statements by the donor that he had given the ticket to his daughter " afforded reasonable ground for a jury to infer that all the formality necessary to make it a valid gift had been complied with."

That case was approved in *Allen* v. *Cowan* (23 N. Y. 502). In *Trow* v. *Shannon* (78 N. Y. 446, 452) there was no direct evidence of a transfer by the donor, but from his own

testimony that the bonds were his but were kept in the safe of the donor's husband, and testimony of other witnesses that the donor stated to them that in consideration of the donee's services she had given him $10,000 in bonds, the court said, " It was a question of fact for the jury whether the gift had not been at some time completed."

In *Young* v. *Young* (80 N. Y. 422, 435) the evidence did not show a completed gift, yet the cases of *Grangiac* v. *Arden* and *Trow* v. *Shannon* (*supra*) were approved, the court saying: " The cases of *Grangiac* v. *Arden* (10 J. R. 295); *Davis* v. *Davis* (8 Nott & McCord, 226), and kindred cases, consequently have no application. The principle of those cases was applied in the late case of *Trow* v. *Shannon* (Ct. App. Nov., 1879) but in that case the gift was intended to be absolute. No qualification was attached to it, and the bonds were placed where they were accessible to the donee and he had himself collected the interest for his own use. There was nothing inconsistent with a full delivery, but there was no direct evidence of such delivery, and the admissions of the donor that she had given the bonds and they belonged to the donee, were received, and weight given to them, as some evidence from which the jury might infer that the gift had been completed by an absolute delivery."

· *Trow* v. *Shannon* (*supra*) was approved in *Lowery* v. *Erskine* (113 N. Y. 52). The cases of *Grangiac* v. *Arden*, *Young* v. *Young* and *Trow* v. *Shannon* (*supra*) were followed in *Porter* v. *Gardner* (60 Hun, 571), and the Court of Appeals in *Matter of Brown* (252 N. Y. 366, 374) refers to that case as authority for the proposition that " Delivery may be proved by admissions that the property belongs to another." In the opinion in *Matter of Brown* (*supra*) the court also referred to *Miller* v. *Silverman* (247 N. Y. 447). In that case the only evidence of a transfer were notes found with the bonds in the safe deposit vault of the deceased, which read, "All in envelope belong to Anna C. Miller," " Whatever is in this envelope belongs to Miss Anna C. Miller," " These bonds of B. & O. belong to Anna C. Miller. Edw.

A. New," and " These bonds Tenn. Elect. belong to Anna C. Miller. Edw. A. New." The court said, " In our case, as in the *Govin* case (*Govin* v. *de Miranda*, 140 N. Y. 474) the plaintiff is contending, not that the memoranda were in themselves sufficient instruments of transfer, but that they constituted evidence that all acts, necessary to the vesting of title in her, had been performed. There can be no doubt of the correctness of the contention. If other evidence indicated that Edward A. New had originally owned the securities, then the memoranda proved all the facts of a lawful transfer. If a transfer by gift was indicated, then they evidenced delivery as well as intention to give " (pp. 449, 450).

The principle of these cases has been applied and followed in *Matter of Brady* (228 App. Div. 56; affd., 254 N. Y. 590). In that case the Surrogate decided that a gift *inter vivos* could not be established by the declarations of the donor but that there must be other evidence which established a delivery of the property. The Appellate Division reversed and held that the declarations of the donor in connection with the surrounding circumstances established a valid gift *inter vivos*. This court unanimously affirmed without opinion.

Whatever may be said of the wisdom of allowing an admission by the donor that he had given the policies to the donee as evidence that an actual transfer had taken place, it appears to be settled in the State of New York that such evidence is at least some evidence upon which to base a finding that a valid gift *inter vivos* had been made. That being so, the order of the Appellate Division must be affirmed as to the three policies. The disposition of the fourth policy presents a question of fact for this court. The very evidence which we hold justified the trial court and the Appellate Division in holding that all three of the policies had been delivered also justified the trial court in holding that all four had been delivered. It, therefore, appears from competent evidence that a gift had been made of all four policies.

The judgment of the Appellate Division, in so far as it reversed the judgment entered on the decision of the referee,

should be reversed, and the judgment entered on the decision of the referee affirmed, with costs in this court and in the Appellate Division to the defendant Gertrude M. Draper.

LOUGHRAN, FINCH and RIPPEY, JJ., concur; CRANE, Ch. J., LEHMAN and O'BRIEN, JJ., dissent as to the fourth policy and vote to affirm for the reasons stated in the opinion at the Appellate Division.

Judgment accordingly.