■ In the Matter of the Estate of TIMOTHY J. SHINE, Deceased. NATHANIEL REICH et al., as Executors of TIMOTHY J. SHINE, Deceased, Appellants; JAMES C. KIERNAN, Respondent.

APPEAL from a decree of the Bronx County Surrogate's Court, entered March 6, 1957, directing executors to pay petitioner $100,000 with interest and costs. Appellant Nathaniel Reich also appeals from the order of said court entered March 28, 1957.

MEMORANDUM BY THE COURT. Accepting the testimony of witnesses on behalf of the petitioner, we are of the opinion that such testimony indicates not merely an intention on the part of the decedent to make a gift to the petitioner, but that such gift had actually been made.

Accordingly, the decree and the order appealed from should be affirmed.

VALENTE, J. (dissenting). The court is sustaining an *inter vivos* gift of $100,000 in currency allegedly made by decedent. The Surrogate found that the testimony " satisfactorily established the decedent's intention and the delivery of the subject matter." I must dissent because, in my opinion, not only was there insufficient evidence to establish the decedent's intention, but the proof as to delivery did not, as a matter of law, measure up to the requirements of a prima facie case.

At the death of the decedent on June 17, 1955, the $100,000 in issue was in a safe deposit box in the joint names of petitioner and decedent. The lease to the box provided for access to either and each had separate keys. Decedent had paid the rental for the box. From the time the safe deposit box was opened, petitioner never attempted to obtain access to it, either alone or with the decedent, or to exercise any other dominion or control of the money.

Even if the evidence of intention to make a gift were otherwise acceptable, there was no proof of a delivery. A delivery was essential as a matter of law (*Matter of Van Alstyne*, 207 N. Y. 298; *Beaver v. Beaver*, 117 N. Y. 421). In *Vincent v. Rix* (248 N. Y. 76, 83) the court said: " The delivery must be such as to vest the donee with the control and dominion over the property and to absolutely divest the donor of his dominion and control, and the delivery must be made with the intent to vest the title of the property in the donee."

The joint custody of the safe deposit box here negatived a delivery (*Matter of Kelly*, 285 N. Y. 139; *Young v. Young*, 80 N. Y. 422).

Moreover, there is no proof here as to when the $100,000 was placed in the box or as to whether it was put there at one time or parts at different times. Nor is there any proof that the money originally placed in the box when it was opened was the same as that found at the time of decedent's death.

The testimony of petitioner's witnesses regarding declarations by the decedent was properly received in evidence (*Mutual Life Ins. Co. v. Holley*, 280 N. Y. 330). However, the purported declarations and admissions of the decedent at most, merely evidenced an intent to make a gift. None of them was sufficient to make a prima facie showing of delivery.

The decree of the Surrogate appealed from should be reversed and the petition dismissed.

Breitel, J. P., Rabin, Frank and McNally, JJ., concur in Memorandum by the Court; Valente, J., dissents and votes to reverse and dismiss the petition, in opinion.

Decree and order affirmed, with costs to all parties appearing separately and filing briefs herein, payable out of the estate.

Accepting the testimony of witnesses on behalf of the petitioner, we are of the opinion that such testimony indicates not merely an intention on the part of the decedent to make a gift to the petitioner, but that such gift had actually been made.