ALFRED C. THOMPSON, Appellant, v. ISABELLA A. BREMER, Individually and as Administratrix of the Estate of HARRIET W. MITCHELL, Deceased, et al., Respondents, et al., Defendants. (Action No. 1.) FLORENCE PHILLIPS, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Defendant. (Action No. 2.) — In consolidated actions for a declaratory judgment with respect to an alleged trust agreement and for other relief (Action No. 1) and to recover upon a group life insurance policy (Action No. 2), plaintiff in Action No. 1 appeals from a judgment of Supreme Court, Kings County, entered September 5, 1969 upon an agreed statement of facts, except so much thereof as stayed proceedings to enforce the judgment. Judgment affirmed insofar as appealed from, without costs. No opinion. Munder, Kleinfeld, Brennan and Benjamin, JJ., concur; Hopkins, Acting P. J., dissents and votes to reverse the judgment and to direct judgment in favor of appellant, with the following memorandum: The decedent, whose estate is represented by the respondent administratrix, executed and delivered a trust deed to appellant (who was named as the trustee) two days before she died. This appeal deals with the issue whether the trust became effective and hinges on the language of the deed of trust. Special Term on an agreed statement of facts held that the trust never came into being and that the assets described in a schedule attached to the deed accordingly passed to the respondent administratrix. The language on which our attention is focused reads substantially that the decedent, "simultaneously with the execution of this agreement, has assigned and transferred to the Trustee all of her property, real, personal and mixed, of whatsoever kind and description * * * including but not limited to the property described in the schedule attached." The schedule contains the residence of the decedent, her checking account, and her interests in insurance policies and retirement benefits. She designated herself as life beneficiary, and on her death instructed the trustee to apply the corpus for "charitable, religious and educational purposes, either for individual or institutional needs". Special Term considered that no trust was created because no delivery of the corpus to the trustee followed the execution and delivery of the deed of trust. The language of the deed, it was said, contemplated the execution and delivery of further instruments of title and, since there were none, the trust was abortive. For reasons stated below I differ with this construction. The language employed denotes the intent of the decedent to create a trust and fully accomplishes that intent by a present conveyance — viz., "simultaneously with the execution of this agreement, has assigned and *transferred*" (emphasis supplied). We read the language too narrowly if we

superimpose on it either a condition precedent or a condition subsequent requiring a separate set of documents for each of the assets described in the attached schedule. A trust, like other relationships of a contractual character, rests on a manifestation of intention (1 Scott, Trusts [3d ed.], § 2.8). That intention is explicit here and was communicated to the trustee (cf. § 24.2; *Matter of Brown*, 252 N. Y. 366). The intention of the decedent was clearly evinced to create a trust presently, not to postpone its establishment at a future time. Thus, this case must be distinguished from *Farmers' Loan & Trust Co.* v. *Winthrop* (238 N. Y. 477), where the settlor reserved a right to add more property to the trust estate, but died before certain property was actually delivered under a power of attorney. Here there was no reservation to add further property; nor was there any after-acquired assets involved in the trust. I fully recognize the rule that a trust may fail because the transfer of the corpus is incomplete for want of the formalities (1 Scott, Trusts [3d ed.], § 32.2). But that rule does not apply here, because the title to the assets described in the schedule passed under the trust deed itself. It is not necessary that the assets be physically delivered to the trustee if title to the assets is transferred by an instrument. The residence of the settlor is sufficiently described by street number (*McGurl* v. *Burns*, 192 Misc. 1045) and the trust deed is in form for recording, since any one of the three witnesses to the execution and delivery of the instrument could attest to the signature of the decedent. The decedent's interests in the bank account, the insurance policies and the retirement benefits similarly were transferred by the trust deed. The gift in trust was complete by the delivery of the instrument (cf. *Davis* v. *Modern Ind. Bank*, 279 N. Y. 405; *Mutual Life Ins. Co.* v. *Holley*, 280 N. Y. 330; *Speelman* v. *Pascal*, 10 N Y 2d 313; *Matter of Cohn*, 187 App. Div. 392; cf. *Miller* v. *Silverman*, 247 N. Y. 447). Indeed, under proper circumstances even an oral trust of personal property may be validly created (*Matter of Hassett*, 1 A D 2d 741). Where the settlor's intent is clear and no question of fraud or undue influence arises (here respondents expressly disclaimed any such attack on the trust deed), we should not avoid the fulfillment of that intent by over-emphasizing the formalities or reading into the language of the trust deed conditions which contradict the intent. The decedent having expressly stated that " simultaneously with the execution of this agreement" she "has assigned and transferred to the trustee " the property described in the schedule, we should take her at her word and not expect that additional instruments were to be signed and delivered at some future time.