In the Matter of the Judicial Settlement of the Accounts of THOMAS CUMMINGS, as Administrator, etc., of MARTIN CUMMINGS, Deceased.

THOMAS CUMMINGS, as Administrator, etc., Appellant; FRANCES ATKINSON, Respondent.

Third Department, December 28, 1917.

**Decedent's estate — gift inter vivos — evidence — delivery of bank books to third person for donee.**

The uncontradicted evidence of a third person that a decedent about a month prior to his death stated to him that he had money in a bank and if anything happened to him he wanted his daughter Mrs. Ryan to have it; that his other daughter had once accused him; that thereafter said decedent delivered the bank books representing the money to said third person, saying " I want Mrs. Ryan to have it," and never asked for the books again, although he thereafter saw said third person several times, the last time the day before his death, is sufficient to establish a valid gift *inter vivos.*

The fact that the decedent might have delivered the bank books to his daughter personally, in the presence of a witness, does not tend to impeach the transaction.

COCHRANE, J., dissented on opinion of surrogate.

APPEAL by Thomas Cummings, as administrator, from a decree of the Surrogate's Court of the county of Albany, entered in the office of said Surrogate's Court on the 4th day of June, 1917, surcharging his account with the sum of $408.

*Benjamin McClung,* for the appellant.

*Walter H. Wertime,* for the respondent.

SEWELL, J.:

The decree determined that $408, the amount to the credit of Martin Cummings in the Cohoes National Bank at the time of his death, belonged to his estate. The question presented is whether the deceased made a valid gift of this money prior to his death to Johannah Ryan, his daughter, by delivering two bank books, which evidenced the moneys so deposited, to Matthew McDermott for her. The surrogate found that there was not a valid gift *inter vivos.* No evidence

was given either sustaining or impeaching the evidence of McDermott, who alone testified to the facts relating to the gift. His direct testimony was that during the summer of 1915 Martin Cummings " told me he had a little money in a Cohoes bank and if anything happened to him, he wanted Mrs. Ryan to have it. * * * He told me that he had been with another daughter, and I believe he told me when — that he told me once she had accused him; and Mrs. Ryan was good to him and he wanted her to have the money. * * * I should judge that was [about] a month [before his death], but I couldn't say. Well, it was in the summer. [He came to my house after that.] I was sitting on the stoop and he stood a minute talking and said ' come here.' We walked up to the telegraph pole on the corner. He said ' here is the bank book of that money. I want Mrs. Ryan to have it.' " He also testified that at that time the deceased handed to him an envelope containing the bank books in question and never asked for them again; that he saw him afterwards, could not say just how many times. The last time was the day before he died. Upon cross-examination he testified that Cummings said, during the first conversation, that he had another daughter; that she had accused him and he did not care any thing about her; that he was through with her, or something of that kind and that he had lived with Mrs. Ryan ten or eleven years.

I think that the uncontradicted evidence is amply sufficient to sustain a finding that the deceased intended to part with his title to the money deposited; in other words, that the surrogate did not draw the correct legal conclusions from it.

The fact that he delivered the bank book, which was the best delivery of the funds deposited that could be made, unless the money itself had been withdrawn from the bank, and that he then said, " I want Mrs. Ryan to have it," shows that his intention was to make an absolute gift as it purported to be.

The fact that the donor might have delivered the books to Mrs. Ryan personally, in the presence of a witness, does not, to my mind, tend to impeach the transaction. Few things are done that could not have been done in another way, and it cannot be held that because a gift might have been made in a way other than as testified to, the testimony

must for that reason be ignored. I think it must be assumed that the donor had, what seemed to him, a good reason for not delivering the books to Mrs. Ryan personally. I am, therefore, of the opinion that the decree of the surrogate should be reversed upon the law and the facts and the proceeding remitted to the Surrogate's Court, with costs to the appellant against the contestant.

All concurred, except COCHRANE, J., dissenting on the opinion of the surrogate.

Decree reversed on the law and facts and proceeding remitted to the Surrogate's Court, with costs to the appellant. The court disapproves of the finding of fact that $400 [408], the amount on deposit in the Cohoes National Bank, belonged to the estate of Martin Cummings at the time of his death, and finds that the deceased intended to part with his title to said money when he delivered the bank books to McDermott for Johannah Ryan.