WALTER O. BUTLER, Respondent, *v.* EDWARD H. SHERWOOD, Individually and as Administrator, etc., of ELLA F. SHERWOOD, Deceased, Appellant.

Third Department, May 4, 1921.

**Deeds — quitclaim deed by wife to husband, on condition that he survive, subject to revocation, is testamentary and void — transfer of personal property without delivery made on same condition is void.**

A quitclaim deed by a wife to her husband for a nominal consideration, and for love and affection, delivered to him in anticipation of the possible fatal result of a surgical operation on the wife, which deed contained a provision that " this conveyance and transfer are made upon the condition that the party of the second part, my husband, survive me, and the same is intended to vest and take effect only upon my decease and until said time the same shall be subject to revocation upon the part of the party of the first part," is testamentary in character, and not having been executed with the formalities required in the execution of a will, is void and passes nothing.

The attempted transfer of personal property by the same instrument was ineffectual since there was no delivery of possession, either actual or constructive, operating to divest the wife of possession of and dominion over the property. Such a delivery is a constant and essential factor in every transaction which takes effect as a completed gift.

APPEAL by the defendant, Edward H. Sherwood, individually and as administrator, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Cortland on the 8th day of January, 1921, upon the decision of the court rendered after a trial without a jury at the Cortland Trial and Special Term, adjudging that a certain instrument executed by Ella F. Sherwood to the defendant Edward H. Sherwood is void and of no effect.

*Willard A. Rill,* for the appellant.

*L. R. Chase,* for the respondent.

WOODWARD, J.:

Ella F. Sherwood, being about to undergo an operation for a cancer, made and executed an instrument in writing, in

form a quitclaim deed, of all her real estate and personal property, to her husband. This instrument bears date of January 25, 1916. The plaintiff is the brother and only heir at law of Ella F. Sherwood, and brings this action to set aside the said instrument on the ground that it was procured by undue influence, and that there was never any transfer of the property under the instrument. Upon the trial of the action there does not appear to have been any serious contention of conduct amounting to fraud, and there is little room for doubt that Ella F. Sherwood intended to place her property where it would be vested in her husband, this defendant, upon her death. If she has failed in this purpose it is because she has sought to accomplish an entirely legal result by an illegal method; because she has attempted to accomplish by an instrument in the form of a deed that which could be accomplished only by a will. The learned court at Special Term has found that the instrument relied upon by the defendant was of a testamentary character, and did not comply with the statutory requirements of a will, and that it was, therefore, void. (114 Misc. Rep. 483. See Decedent Estate Law, § 21.) The defendant appeals.

The instrument in question provides that it is between Ella Francis Sherwood and Edward H. Sherwood, and that " the said party of the first part, in consideration of the sum of one dollar, love and affection and other good and valuable considerations, * * * does hereby remise, release and forever quit-claim unto the said party of the second part, his heirs and assigns forever," all of the real estate of the said Ella F. Sherwood, wherever situate, " to have and to hold the same unto the party of the second part, his heirs, executors, administrators and assigns forever," and " for the same considerations, I do hereby sell, assign, transfer, convey and set over unto the party of the second part, all personal property, bills, notes, deposits in bank, certificates of stock, and all choses in action, evidences of indebtedness due me, and all my personal property of whatever name or kind the same may be and wheresoever situate, to have and to hold the same unto the party of the second part, his executors, administrators and assigns forever."

If the instrument had ended here, and had been executed

and delivered, it would, of course, have operated to divest Ella F. Sherwood of her property and to have vested it in Edward H. Sherwood. But this would not have accomplished the purpose which Ella F. Sherwood had in mind; she wanted to hold the ownership and possession of her property until her death and then to vest it in her husband.' She had, however, been through a will contest in connection with the estate of a former husband and, as she told her friends, she had no faith in wills; she wanted to fix her property where it would be disposed of without a contest, and, of course, invited one. She provided that " this conveyance and transfer are made upon the condition that the party of the second part, my husband, survive me, and the same is intended to vest and take effect only upon my decease and until said time, the same shall be subject to revocation upon the part of the party of the first part."

This instrument was delivered to the defendant, but what did it convey? It could not be determined at any time prior to her death whether her husband survived her, and unless he survived her there was clearly no intention of conveying to him. Moreover, she provided that the conveyance and transfer are " intended to vest and take effect only upon my decease," so that there was no time prior to her death when the instrument could have any effect, and when that event took place the law determined the disposition to be made of her estate, in the absence of a valid will. There was no moment from the time of making the instrument down to the very instant of dissolution when any rights could vest under the intent or language of this deed; and beyond this it was provided that " until said time, the same shall be subject to revocation upon the part of the party of the first part," so that the supposed grantor was in full control of the property during all of her life subsequent to the making of the deed, with the right reserved to revoke the instrument itself. No right whatever passed to the defendant under the terms of the deed; it was not to take effect until the decease of the party of the first part, and then only upon the condition that the defendant survived her. This is not the case of a deed executed and delivered to a third party with instructions not to record or deliver the same until the death of the grantor. Such a

deed, absolute in form and to take effect immediately, divests the grantor of his interest in the property, making its enjoyment to depend upon the date of his death; but here the instrument is, by its terms, to take effect only upon the decease of the grantor, and at a time when the law operates to prevent a transfer otherwise than by a last will and testament.

It is impossible to sustain this transaction as an executed gift of the personal property, for that was subject to the same conditions and limitations as the real estate. " It is an elementary rule," say the court in *Young* v. *Young* (80 N. Y. 422, 435), " that such a gift cannot be made to take effect in possession *in futuro*. Such a transaction amounts only to a promise to make a gift, which is *nudum pactum.* (*Pitts* v. *Mangum*, 2 Bailey [S. C.], 588.) There must be a delivery of possession with a view to pass a present right of property. 'Any gift of chattels which expressly reserves the use of the property to the donor for a certain period, or (as commonly appears in the cases which the courts have had occasion to pass upon) as long as the donor shall live, is ineffectual.' (Schouler on Pers. Prop., vol. 2, p. 118, and cases cited; *Vass* v. *Hicks*, 3 Murphy [N. C.], 493.) This rule has been applied even where the gift was made by a written instrument or deed purporting to transfer the title, but containing the reservation." In the case here under consideration the instrument itself is limited to take effect upon the death of the donor if the donee shall survive her, and there is no pretense that any of the personal property itself was ever delivered to the defendant. Delivery by the donor, either actual or constructive, operating to divest the donor of possession of and dominion over the thing, is a constant and essential factor in every transaction which takes effect as a completed gift. Instruments may be ever so formally executed by the donor, purporting to transfer title to the donee, or there may be the most explicit declaration of intention to give, or of an actual present gift, yet unless there is a delivery the intention is defeated. (*Beaver* v. *Beaver*, 117 N. Y. 421, 429.)

While there is a recital of a consideration of one dollar, and every legal mode of acquisition of real property except by descent is denominated in law a purchase, and the person who thus acquires it is a purchaser, there is no doubt that the

transaction here under consideration possesses all of the essential qualities of a gift as distinguished from a valuable consideration supporting a bargain and sale (*Ten Eyck* v. *Witbeck*, 135 N. Y. 40, 44, 45, and authorities there cited), and as this gift was not to take effect until the death of the grantor, upon the survival of the named grantee, and even the instrument itself might be revoked, it must be clear that Ella F. Sherwood undertook to accomplish by a deed what the law requires to be done by will, and, of course, she has failed.

The judgment appealed from should be affirmed.

Judgment unanimously affirmed, without costs.