KATE G. DALEY, Appellant, *v.* FREDERICK A. MICHAEL, Respondent.

**Gift — when evidence sufficient to sustain finding by a jury that certain bonds sent by a brother to a sister were a gift.**

Upon the issue whether a certain bond was the property of plaintiff by gift or whether she had possession of it with a right to collect the coupons, the then owner reserving to himself the right to demand its return, the trial justice submitted that issue to the jury, which brought in a verdict in favor of plaintiff as the owner. The plaintiff having testified that her brother, the alleged donor, had repeatedly said to her, " That bond is yours," and accepted thanks for the gift, and the jury having found that the evidence is true, it sufficiently establishes the gift.

*Daley* v. *Michael*, 205 App. Div. 801, reversed.

(Argued October 20, 1924; decided November 25, 1924.)

APPEAL from a judgment, entered September 5, 1923, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

*John A. Slade* for appellant. The evidence presented a question of fact for the jury and warranted the verdict found by it. (*Layman* v. *Anderson & Co.*, 4 App. Div. 124, 127; *Berkowitz* v. *Con. G. Co.*, 134 App. Div. 389;

201 N. Y. 512; *Hussey ·v. Flanagan*, 237 N. Y. 227; *Grulich* v. *Paine*, 231 N. Y. 311; *Wolcianowicz* v. *P. & R. C. & I. Co.*, 232 N. Y. 256; *Norton* v. *N. Y. C. R. R. Co.*, 237 N. Y. 38.)

*Frank H. Deal* for respondent. There must be an intention on the part of the owner to part with the title and a delivery -to the donee. (*Matter of Brandeth*, 169 N. Y. 437; *Wronker* v. *Jacobs*, 177 App. Div. 675.) The plaintiff failed to sustain the burden of proof. (*Lehr* v. *Jones*, 74 App. Div. 54.)

LEHMAN, J. The evidence establishes that prior to October, 1919, the plaintiff's brother, Garret R. Gray, a resident of California, sent three .$1,000 bonds and three $100 bonds to his sister, Mrs. Bortle. On October 4th Mrs. Bortle distributed these bonds between herself and her two sisters, each receiving one bond of each denomination. The plaintiff delivered the $1,000 bond received by her to the defendant, a son-in-law of Mrs. Bortle, and he gave the plaintiff a receipt for this bond. The only purpose of the delivery of the bond to the defendant was that it should be safely kept in the defendant's security box. There is some dispute as to the exact language used by Mrs. Bortle when she distributed the bonds, but the plaintiff's evidence is sufficient to justify a finding that Mrs. Bortle told the plaintiff at that time that their brother had sent the bonds for distribution among his three sisters. In 1920 Garret R. Gray asked Mrs. Bortle to return the bonds to him and in order to enable her to comply with this request or demand the defendant gave Mrs. Bortle the bond he had received from the plaintiff. The plaintiff never authorized the defendant to deliver the bond to her sister or brother, and has brought this action to recover damages for its conversion.

The only issue in this action is whether Gray sent the

bonds to his sisters as an absolute gift or whether he merely gave them possession of the bonds with a right to collect the coupons, reserving to himself the right to demand their return and to determine whether they should belong to his sisters after his death. The trial justice submitted this issue to the jury which brought in a verdict in favor of the plaintiff. Upon appeal the judgment was reversed on the law and the plaintiff's complaint dismissed on the ground that the evidence did not establish an absolute gift.

The plaintiff's evidence, if true, shows that her sister, Mrs. Bortle, delivered the bond to the plaintiff as a gift from their brother without any qualification or the reservation of any property in the donor. That delivery vested the plaintiff with ownership if Mrs. Bortle had authority from her brother to make the delivery in the manner claimed. Her own assertion to the plaintiff as to the instructions received from her brother in regard to the bonds is not evidence of such authority, but the plaintiff testified that thereafter her brother visited her and repeatedly said to her: " That bond is yours," and accepted thanks for his gift. The jury has found that this evidence is true, and if true it sufficiently establishes Mrs. Bortle's authority to deliver the bond to the plaintiff as a gift from their brother.

The judgment of the Appellate Division should be reversed and the judgment of Trial Term affirmed, with costs in this court and in the Appellate Division to appellant.

Hiscock, Ch. J., Cardozo, Pound, McLaughlin, Crane and Andrews, JJ., concur.

Judgment reversed, etc.