In the Matter of the Estate of EDWARD CONNORS, Late of the City of Watervliet, County of Albany, N. Y., Deceased.

JOSEPHINE B. MILLER, Appellant; DANIEL B. DWYER, Administrator, etc., of EDWARD CONNORS, Deceased, Respondent.

Third Department, January 15, 1936.

Byrne, Jeram & Casey [Joseph P. Keenan of counsel], for the appellant.

Tierney & Kenney [Thomas V. Kenney of counsel], for the respondent.

HILL, P. J. Seven industrial policies of insurance issued on decedent's life are the subjects of a discovery proceeding (Surr. Ct. Act, § 205) which has been had in Albany County Surrogate's Court. The appeal is from the decree which directs that appellant deliver all the policies to the respondent, the administrator of the estate.

A sister of the appellant originally was named beneficiary in each of the policies. She died about eight months before the insured. She is referred to in the record as Mary. He had lived with Mary until her death. The day after her death he delivered the policies to the appellant saying that he wished her to have them and to be the beneficiary thereunder the same as Mary had been, and that he wished to live with her the same as he had lived in Mary's home. One of these policies was issued by the Metropolitan Life Insurance Company, four by the John Hancock Life Insurance Company and two by the Prudential Life Insurance Company. After the gift, insured made formal application to have appellant's name inserted as beneficiary in the Metropolitan policy. For some reason this was refused by the company. The agent of the Hancock Company stated that about a week before insured died he said he wished to change the beneficiary in his policies, as Mary had died, and he desired appellant to be the beneficiary, and requested the agent to come to his residence some night and make out the necessary papers to effect the change. The appellant says that she spoke to a clerk in the Prudential office as to the change of beneficiary at the time that she was paying the premium on the policies, and was told that as she paid the premiums that was all that was necessary.

The surrogate, discussing the evidence in his opinion, suggested that the attempts by the insured to change the policies so that appellant would be the named beneficiary indicated that he had not divested himself of ownership of the policies and that such acts were inconsistent with the claimed earlier gift. I am unable to draw that inference. If he had given the policies to the appellant, it was only natural that he should seek to effectuate his gift by simplifying the collection of the policies by his donee after his death. A gift is proven.

These policies may be transferred by gift. (*Donahue* v. *New York Life Insurance Co.*, 259 N. Y. 98.) If there be question as to the ability of appellant to collect the proceeds from the several companies, it is not now before us.

The decree of the surrogate should be reversed and the matter remitted, with direction that the surrogate enter a decree dismissing respondent's petition.

RHODES, McNAMEE, BLISS and HEFFERNAN, JJ., concur.

Decree reversed and matter remitted to the surrogate, with direction that the surrogate enter a decree dismissing the respondent's petition, with costs to the appellant against the respondent.