In the Matter of the Final Judicial Settlement of the Account of JOSEPH LO PALO, Executor, etc., of CHARLES GUGGINO, Deceased.*

ROSARIA GUGGINO SIRAGUSA, Residuary Legatee, by JOHN D'ANNA, Her Attorney in Fact, Appellant; JOSEPH LO PALO, Individually, and as Executor, etc., of CHARLES GUGGINO, Deceased, and Others, Respondents.

Fourth Department, December 23, 1937.

*De Silver Drew,* for the appellant.

*Kenneth B. Keating,* for the respondent Joseph Lo Palo, individually.

*Charles J. Mondo,* for the respondent Joseph Lo Palo, as executor, etc., of Charles Guggino, deceased.

* Modfg. and affg. 160 Misc. 768.

LEWIS, J.   Upon the final settlement of the accounts of the respondent Joseph Lo Palo, as executor of the will of Charles Guggino, deceased, the appellant — a residuary legatee — has thus far failed to establish a surcharge for certain moneys which the executor claims comprised bank deposits of which he and the decedent were joint owners and to which he now claims personal ownership as survivor.   His right to these funds depends upon the legal consequences which result from certain banking transactions by the decedent which took place within three days of his death on December 27, 1934, following a lingering illness.

On December 24, 1934, the decedent had funds on deposit to his individual credit in the special interest departments of Lincoln-Alliance Bank and Trust Company of Rochester and Power City Trust Company of Niagara Falls.   On that date, by acts which we regard as sufficient in law to accomplish the purpose, he changed the legal character of the Lincoln-Alliance Bank deposit from an individual account to a joint account with Lo Palo and arranged for the transfer to it of the balance then remaining in his Power City Trust Company account.   As there is proof that this transfer of funds was consummated prior to decedent's death, we conclude that upon that event Lo Palo became the sole owner of the joint account as survivor.   We are, therefore, in accord with so much of the surrogate's decree as determines that the respondent Lo Palo was under no legal duty to account as executor for funds on deposit in the joint account in Lincoln-Alliance Bank of which he and the decedent were owners.

We are not in accord with so much of the surrogate's decree as determines that upon decedent's death Lo Palo became vested with individual ownership of two other deposits.   To determine the ownership of these two funds our inquiry is directed to two separate banking transactions by the decedent.   As to the first it appears that on the occasion of December 24, 1934, when decedent's Lincoln-Alliance Bank deposit was changed from an individual account to one of joint ownership with Lo Palo, the decedent had called to his home an officer of Lincoln-Alliance Bank to whom he delivered a bank book which had been issued to him by Niagara County Savings Bank of Niagara Falls, and a draft upon that bank payable to Lincoln-Alliance Bank for $2,612.94 — the balance then remaining in the account.   The decedent then stated his purpose to be to transfer the funds from his account in Niagara County Savings Bank to a joint account with Lo Palo in Lincoln-Alliance Bank for which he was then arranging.   Thereafter the savings bank book and draft were promptly forwarded by Lincoln-Alliance Bank to Niagara County Savings Bank, receipt thereof

by the latter bank having been acknowledged on December 27, 1934. The proof is clear, however, that the proceeds of decedent's draft did not reach Lincoln-Alliance Bank for deposit until four days *after* his death. Meantime Lincoln-Alliance Bank had gained knowledge of decedent's death and thereafter, having received the avails of his draft, it credited the same to a separate account which stood in the name of Lo Palo individually, upon which the bank placed a notation that it was not to be withdrawn until Lo Palo was discharged as executor. There is also proof that upon the signature card for the joint account, which had been signed by the decedent and Lo Palo on December 24, 1934, was the notation: " Deceased, pay no checks." There is no proof that the proceeds of decedent's draft upon Niagara County Savings Bank were ever deposited in any bank to the unrestricted credit of a joint account owned by the decedent and Lo Palo.

The second transaction involved decedent's deposit of 89,766.95 lire in Banca Commerciale Italiana of Rome, Italy. On December 26, 1934, the day prior to his death, the decedent called to his home a friend, F. J. Cappellino, who was then manager of the Foreign Department of Union Trust Company of Rochester, from whom he inquired how he could transfer to America the funds which he had on deposit in the Italian bank. At that time the decedent also stated: " Mr. Cappellino, when the money comes here, I want to give this money to my nephew, [Lo Palo] in case of death. If I should happen to die before the money arrives here, I want to give this money to my nephew, because he has been very good to me since my illness, together with his wife, and I want to do something for them. * * * How can I do that? " In answer to these inquiries the decedent was advised to create a joint account in the names of himself and Lo Palo from which either joint owner could withdraw during the lifetime of both without the consent of the other and that, upon the death of either, the ownership of the balance would vest in the survivor. After expressing his approval of such an arrangement the decedent called his nephew Lo Palo into the room and stated: " Joe, I am having Mr. Cappellino bring over the money that I have in this passbook * * * to this country, and I told him I want to open a joint account with you jointly; in case anything happens to me, I want the money to go to you." Thereafter the decedent delivered to Cappellino an assignment to Union Trust Company of his funds on deposit in the Italian bank and his bank book pertaining to that deposit. He also executed and delivered a power of attorney in favor of the Italian bank to facilitate the transfer, and a signature card, signed by the decedent and Lo Palo, in the form required by the trust company

to open a joint account. Although the bank book, assignment, power of attorney and other essential data were promptly forwarded by Cappellino to the Italian bank to accomplish the transfer of decedent's Italian deposit to the American bank, the funds did not reach Union Trust Company until *after* decedent's death. In fact they were never deposited in any bank to the joint account of the decedent and Lo Palo.

We do not find proof in the record sufficient to establish a gift *in præsenti* of these two funds by decedent. The evidence bearing upon these two transactions does not do more than prove decedent's intent to transfer the two savings deposits to joint accounts and there is a failure of proof that either transaction was completed. In neither case did the transferred fund reach its Rochester depositary until after decedent's death. In neither case was the fund deposited in a joint account to the credit of the decedent and Lo Palo as joint tenants.

In the absence of proof that the funds from decedent's Niagara County Savings Bank account and from his account in the Italian bank were *on deposit* before his death to the credit of the decedent and the respondent as joint tenants, the respondent Lo Palo has not brought his present personal claim to such funds within the provisions of law which define a joint account. The statute provides in part (Banking Law, § 198): "*When a deposit shall have been made* by any person in the name of such depositor and another person and in form to be paid to either, or the survivor of them, such deposit *thereupon* and any additions thereto made, by either of such persons, *upon the making thereof,* shall become the property of such persons as joint tenants, and the same, together with all interest thereon, shall be held for the exclusive use of the persons so named, and may be paid to either during the life time of both, or to the survivor after the death of one of them."

It is significant to our present inquiry that in defining the characteristics of a joint account the Legislature has provided as the first requirement that " a deposit shall have been made." It is only upon the making of such original deposit " and any additions thereto " that the funds involved " shall become the property of such persons [depositors] as joint tenants " to be paid to the survivor after the death of one joint owner. (Cf. *Matter of Fenelon,* 262 N. Y. 308, 310, 311.)

Lacking proof of the deposit in joint accounts of the two funds mentioned above and now claimed by Lo Palo personally, we conclude that they remain the property of the decedent's estate and should be so administered.

The decree from which appeal is taken should be modified on the law and facts by adjudging that the proceeds of an account in the amount of $2,612.94, formerly on deposit in decedent's name individually in Niagara County Savings Bank, Niagara Falls, N. Y., and now on deposit in Lincoln-Alliance Bank and Trust Company of Rochester, N. Y., and the proceeds of an account in the amount of $8,676.90 formerly on deposit in decedent's individual name in Banca Commerciale Italiana, Rome, Italy, and now on deposit in the Lyell Avenue Branch of Union Trust Company, Rochester, N. Y., are the property of the estate of said decedent to be administered as such, and that the account of Joseph Lo Palo as executor of the will of said decedent be surcharged in the total amount of said deposits with interest as earned, and as so modified the decree should be affirmed, with costs to the appellant payable out of the estate.

All concur, except CROSBY, J., who dissents and votes for affirmance on the ground that the money in question was deposited in the Lincoln-Alliance Bank and Trust Company and Union Trust Company, respectively, within the meaning of section 198 of the Banking Law; and CUNNINGHAM, J., who dissents and votes for affirmance in memorandum. Present — SEARS, P. J., EDGCOMB, CROSBY, LEWIS and CUNNINGHAM, JJ.

CUNNINGHAM, J. (dissenting). I believe that the evidence is sufficient to sustain the finding of the Surrogate's Court that deceased made a gift of the funds in the banks to respondent Lo Palo. (*Matter of Cummings*, 181 App. Div. 286; *Ridden* v. *Thrall*, 125 N. Y. 572; *Matter of Barefield*, 177 id. 387; *Matter of Freeman*, 160 Misc. 133; *Matter of Connors*, 246 App. Div. 144; affd., 271 N. Y. 560.)

Decree modified on the law and facts by surcharging the executor's accounts with the amount of the proceeds of the decedent's former deposits in Niagara County Savings Bank and in Banca Commerciale Italiana, with interest thereon as earned, and as so modified affirmed, with costs payable out of the estate.