## THIRD DEPARTMENT, MAY, 1939.

(May 3, 1939.)

In the Matter of the Judicial Settlement of the Accounts of THE NATIONAL COMMERCIAL BANK AND TRUST COMPANY OF ALBANY, as Executor, etc., of CHARLES LAFONTAINE, Deceased.

HARRIET B. LAFONTAINE, Claimant, Appellant; THE NATIONAL COMMERCIAL BANK AND TRUST COMPANY OF ALBANY, as Executor, etc., Respondent.

Decree affirmed, with costs to all parties filing briefs, payable out of the estate.

McNamee, Crapser and Heffernan, JJ., concur; Hill, P. J., dissents, with an opinion.

HILL, P. J. (dissenting). Claimant, the widow of decedent, litigated her claim for $38,000 against the estate upon the final accounting. It was disallowed by the surrogate. For many years decedent had leased safe deposit box No. 1815 from the City Safe Deposit Company. In 1924 he and the claimant went to the deposit company's offices and she leased box No. 1090X, and executed a power of attorney authorizing him to open the box and the deposit company to permit him access thereto. Shortly after the leasing, he transferred thirty-eight $1,000 United States government bonds from No. 1815 to No. 1090X, stating that the bonds belonged to claimant. The bonds remained in the box until their maturity in 1934 when he presented them for payment. Neither the proceeds nor the substituted bonds were placed in box 1090X. Frequently from 1924 to the time of his death, he told acquaintances that he had given the bonds to his wife.

Multiplying authorities have explored, and enlightened, the wide field of gifts *inter vivos.* " A person *sui juris*, acting freely and with full knowledge, has the power to make a voluntary gift of the whole or any part of his property," but the expression of an intention to give is ineffective to transfer title. (*Martin* v. *Funk*, 75 N. Y. 134, 137; *Kekewich* v. *Manning*, 50 Eng. Ch. 175.) Where the gift is evidenced by delivery, the transfer must be complete, but the donee need not have notice thereof. (*Martin* v. *Funk, supra.*) To establish a gift by delivery, there must be an act which divests the donor of the possession and title (*Young* v. *Young*, 80 N. Y. 422; *Matter of Von Alstyne*, 207 id. 298; *Farmers' L. & T. Co.* v. *Winthrop*, 238 id. 477; *Vincent* v. *Rix*, 248 id. 76), and it must show an intent to vest the donee with complete control and dominion over the property. (*Jackson*

v. *Twenty-third St. Railway*, 88 N. Y. 520.) In order that delivery to a third person shall be effective, he must be the agent of the donee. Delivery to an agent of the donor is ineffective, as the agency could be terminated before delivery to the intended donee. (*Vincent* v. *Rix*, *supra; Bump* v. *Pratt*, 84 Hun, 201.) Delivery by an authorized agent of the donor is effective to transfer title. (*Daley* v. *Michael*, 239 N. Y. 138.) A delivery by which title is transferred having been made, it is not necessary that the donee retain physical possession; the title still remains although the donor has possession as agent. (*Gannon* v. *McGuire*, 160 N. Y. 476; *Matter of Brady*, 228 App. Div. 56; affd., 254 N. Y. 590; *Engel* v. *Guaranty Trust Co.*, 280 id. 43.)

Claimant, at the suggestion of decedent, leased the safe deposit box. Under the contract, only she and her agents could have access thereto. Items of property therein were within her control and possession, and decedent could have access to the box only with her consent. He went to the box as her agent under a power of attorney. His agency was revocable at any time. Claimant's dominion over the box was full and complete.

The vault clerk of the deposit company testified that at the time Mr. LaFontaine transferred the bonds to deposit box No. 1090X, he said either that he had given them to his wife or that they were her property. The decedent boasted of this gift to numerous persons. His statement that one of his reasons for making the gift was to avoid inheritance taxes sustains claimant's theory that the gift was *in præsenti* and not *in futuro* and *causa mortis*, for if the transfer was to become effective only when the donor died, it would be subject to inheritance tax, and one of the purposes of the gift defeated.

Decedent's request that claimant lease box 1090X has significance. He already had sufficient deposit space in box 1815 for the securities which he owned. The request indicated his desire that claimant have a box wherein her individual property might be kept, and in which he might place property that he desired to give her. The fact that it was necessary for claimant to execute a power of attorney in order that he might have access to the box gave him ample notice that after property was placed therein, he dealt with it only as her agent. Unless it is found that decedent intended to give the property by delivery to the claimant, the leasing of box 1090X, the making of the power of attorney, the transfer of the securities, the frequent admissions and statements that he had given these bonds to his wife, would all be meaningless and fail to make sense.

The decision of this case rests upon the determination as to whether or not delivery was made. Had the transfer as proven not been followed, after an interval of ten years, by the removal of the bonds at their maturity and the failure to return the proceeds or substituted bonds, there would be no argument. If the decedent completed a transfer of title, it remains in the claimant. A gift by delivery having been made and completed, it could not be taken back by the donor.

The decree of the surrogate should be reversed on the law and facts and a decision made that appellant recover in accordance with the claim which she presented on the final accounting.