In the Matter of the Estate of HARRIET D. BOSTWICK, Deceased.

Surrogate's Court, Monroe County, December 7, 1951.

*John W. Branch* for Security Trust Company of Rochester, as temporary administrator of the estate of Harriet D. Bostwick, deceased, petitioner.

*Arthur Rathjen* for Edwin L. Range, respondent.

WITMER, S. This is a discovery proceeding in which the temporary administrator seeks to recover the sale price of an automobile which was sold by consent of the parties to avoid loss through depreciation in value during litigation. It appears that decedent was a woman in her seventies who suffered from a lameness. She owned said automobile and kept it in a commercial garage in her neighborhood. She paid monthly by check for the storage, and by telephone gave personal instructions to the garage attendants for servicing the car. Decedent did not drive, but employed a driver. Early in 1951, she employed respondent, Edwin L. Range, as chauffeur, he having been recommended to her by her physician. Her arrangements with the garage continued as before. The keys to the car were left therein at the garage. Respondent never used the car for his own business or pleasure, and decedent never gave the garage authorization to permit respondent to use the car for his personal business or pleasure. At the death of decedent, on July 23, 1951, respondent did not have possession of the keys to the car nor of the certificate of registration thereof (which was in decedent's purse, unindorsed), and the car was in the garage as usual, with the keys in it. Directly after decedent's death the respondent, without notifying the garage of her death, removed the car from the garage, and thereafter claimed it as his own.

Respondent does not claim a gift *inter vivos,* and of course no valid claim of such a gift could be made upon the oral evidence in this case in view of the fact that decedent retained dominion and control over the car until her death. (*Curry* v. *Powers,* 70 N. Y. 212; *Matter of LaFontaine,* 257 App. Div. 868, affd. 281 N. Y. 872; *Matter of Earley,* 198 Misc. 727; *Matter of Downey,* 68 N. Y. S. 2d 407, 411.)

Respondent claims, however, that decedent made a gift *causa mortis* of the automobile to him; and he relies particularly upon *Matter of Hennessy* (253 App. Div. 6, affd. 278 N. Y. 538) wherein the Appellate Division in its opinion at page 11 cited the leading authorities and reviewed the requirements for a gift *causa mortis.* The court stated that a prerequisite of such a gift is that the donor be ill and apprehensive of death by reason thereof, but need not be *in extremis.* There must also be delivery of the subject of the gift with intent to transfer ownership; but the gift becomes void if the donor recover or if the donee predecease him, and the gift is subject to revocation at any time by the donor. The court pointed out that " Where the property is shown to have been owned by the deceased in his lifetime, the

burden of establishing the gift with a fair preponderance of the evidence rests upon the one who asserts the gift (*Matter of Housman*, 224 N. Y. 525; *Caldwell* v. *Lucas*, 233 id. 248, 254); and in view of the death of the man against whose estate the claim is made, the proof of gift should be clear, convincing and satisfactory.''

The evidence does not show that the decedent had any illness of consequence. The only evidence in support of respondent on this point is that for years in her conversations decedent would make the statement that she was not long for this world. The habit of speaking in this manner could, therefore, hardly be related to a particular condition of illness of which she was aware in the half year preceding her death when she knew respondent. Hence the first element of a gift *causa mortis* is absent. (*Matter of Caraher*, 138 Misc. 10, 13; *Matter of Downey*, 68 N. Y. S. 2d 407, 413, *supra*.)

Respondent has also failed to prove another necessary element, namely, delivery. (*Butler* v. *Sherwood*, 114 Misc. 483, affd. with opinion 196 App. Div. 603, affd. 233 N. Y. 655.) There is no evidence that he had even symbolic possession of the car; but if he did, through possession of keys and power to take actual possession of the car, it would not establish delivery here, since, as decedent's employee, it must be assumed in the absence of other evidence, that his possession was not adverse to her rights and ownership. (*Matter of Narganes*, 161 App. Div. 563, 566–567, affd. 213 N. Y. 659; *Matter of Albert*, 68 N. Y. S. 2d 539.)

The only other evidence offered on the subject of gift is testimony of conversations between decedent and respondent's witnesses to the effect that decedent said that she was going to give her car to respondent. At least one of the witnesses testified that decedent said that she *had given* her car to respondent, but on cross-examination the witness stated that decedent said that she *was going to give* her car to respondent. When the importance of the difference in phraseology was made apparent to the witness she reverted to her statement that decedent had said that she had given her car to respondent. Of course, decedent's statement that she was going to make a gift of the car, unaccompanied by actual delivery, would not amount to a completed gift. (*Butler* v. *Sherwood*, 196 App. Div. 603, affd. 233 N. Y. 655, *supra; McCarthy* v. *Pieret*, 281 N. Y. 407; *Matter of Earley*, 198 Misc. 727, *supra*.)

It is true that admissions by a decedent that he has made a gift to a donee are admissible to prove delivery although the

donor retains possession of the subject of the gift, and under certain conditions such admissions alone are sufficient to establish delivery (*Miller* v. *Silverman,* 247 N. Y. 447; *Matter of Brown,* 252 N. Y. 366; *Mutual Life Ins. Co.* v. *Holley,* 280 N. Y. 330); and this is so although the admissions by decedent are wholly oral. (*Mutual Life Ins. Co.* v. *Holley, supra; Matter of Brady,* 228 App. Div. 56, affd. 254 N. Y. 590.) Nevertheless such evidence must be clear and convincing. (*Matter of Hennessy,* 253 App. Div. 6, 11, affd. 278 N. Y. 538, *supra; Matter of La Fontaine,* 257 App. Div. 868, affd. 281 N. Y. 872, *supra; Matter of Earley, supra.*) The presumption of delivery arising from the donor's admissions of gift may be rebutted by evidence that there was in fact no delivery. (*Miller* v. *Silverman,* 247 N. Y. 447, 451, *supra; Matter of Earley, supra.*) Such presumption is rebutted in this case by the fact that decedent retained the control and dominion of the automobile until her death.

I find that the evidence of delivery, and indeed of any of the necessary elements of gift, in this case is far from clear and convincing. Respondent has failed to carry his burden of proof herein. Conceding, without deciding, that decedent wished to give her automobile to respondent, she failed to implement her wishes by her acts. Intention alone is insufficient to effect a gift. (*Matter of Guggino,* 253 App. Div. 132, 135, affd. 279 N. Y. 692; *Butler* v. *Sherwood, supra.*) If decedent wished to retain possession of the automobile and give it to respondent at her death, she could have accomplished it by executing a will to such effect. (*McCarthy* v. *Pieret,* 281 N. Y. 407, *supra.*)

The petition is, therefore, granted, and petitioner may have a decree awarding it the right to the proceeds of said automobile.

Submit decree accordingly, with costs.