John D. Bennett, S.
The subject matter of this section 206-a (Surrogate’s Ct. Act) proceeding is the contents of a trunk in which was found nearly $18,000 in bills and coins in denominations ranging from one cent to $100.
The decedent owned a farm where the trunk was found in the vicinity of Wantagh, Long Island. The petitioners who lay *959 claim to the money found in the trunk are Edward and Helen Ostrowsld, husband and wife. Edward lived on the farm from the time he was eight years old; Helen since she was 15. The decedent, who had none of her own, apparently referred to them as her “ children ”.
It was stipulated that on May 7, 1956 the testatrix was suffering from heart disease, that she died some eight days later at Nassau Hospital, and that the executrix took possession of the money found in the trunk on May 17. Although the petitioners insisted that they laid claim to the fund immediately, no written communication was received by the executrix until December, 1956, some six months later, at which time the demand read that a claim was being made on behalf of both Edward and Helen and “ that the contents of the said trunk were the subject of a gift causa mortis made to the said Edwrard and Helen on or about May 7, 1956 ”. The petition followed the demand. It asserts “that on the 7th day of May, 1956, the decedent at her home and prior to her removal to the hospital that day, from her bed delivered to the petitioners a certain key, which said key is the key to said trunk, and thereby declared a gift causa mortis as to the trunk and its contents.” The relief prayed for is that the petitioners be adjudicated the owners and that they recover possession of the contents of the trunk.
It is apparent from the foregoing that prior to the trial, therefore, the position of the petitioners was consistently that, by a gift causa mortis, the subject matter of this proceeding had become the property of both petitioners. At the inception of the hearing, however, the petitioners moved to drop Edward as a party. At that time the attorney for the petitioners asserted that “ he has no claim ” and that “ he never had any claim ’ ’. Edward then testified at length, and during the course of his testimony it was developed that the language alleged to have been used by the decedent could only be interpreted as constituting a gift to both Edward and Helen. The statement attributed to the decedent was testified to have been in Polish to the effect that “ in case I don’t return from the hospital, the contents of the trunk is yours ”. Although the precise language repeated often for the benefit of the court on direct and cross-examination varied somewhat, there never was any doubt that the word used in Polish to mean “ yours ” was wassa, which expresses the plural and not the singular. The petitioner’s judicial admission that Edward ‘ ‘ has no claim ’ ’ at the beginning of the hearing, though incomprehensible, was persisted in until after the end of the petitioner’s case.
*960 At the resumption of the hearing just prior to the reception of the respondent’s evidence, the petitioners moved to reinstate Edward as a petitioner, to be relieved of the judicial admission above recited and to ‘ ‘ go back to our original petition ’ ’. The application was granted, the condition imposed being that Edward’s testimony be stricken. The effect of these procedural gymnastics was to leave as the sole witness respecting the language attributed to the decedent allegedly creating the gift causa mortis, one John Coloszewski, 83 years of age, who had been employed at the decedent’s farm for 18 years as a laborer, whose testimony was contradictory on vital points and not convincing on the principal issue here involved.
A careful review of this confused record does not result in a conclusion that the petitioners established a gift causa mortis by clear and convincing evidence which was the burden the cases imposed on them (see Matter of Van Alstyne, 207 N. Y. 298; Ridden v. Thrall, 125 N. Y. 572; Harris v. Clark, 3 N. Y. 93). The Court of Appeals in Ward v. New York Life Ins. Co. (225 N. Y. 314, 322) said: “ The rule in any civil case is that the plaintiff must establish his claim by a fair preponderance of evidence. He need do no more than this if his claim deals with a dead person; he cannot do less if he is attacking the rights and property of a living person. The general rule as to weight and quality of evidence is no different in one case than in the other. In applying the rule and test to specific evidence, however, it very likely will and should occur that the triers of fact will more carefully and critically scrutinize evidence offered against a dead person’s estate for the purpose of deciding whether it does make the necessary weight and preponderance of evidence, than would be done if the testimony was offered against one who was alive to contradict it.”
An important element in the establishment of a gift causa mortis is the petitioner’s burden and responsibility to demonstrate the belief on the part of the donor that he is close to death, or is in apprehension of death (Matter of Hennessy, 253 App. Div. 6, affd. 278 N. Y. 538; Matter of Reardon, 175 Misc. 1002; Matter of Downey, 68 N. Y. S. 2d 407; Matter of Bostwick, 201 Misc. 893). Although some attempt was made originally, through Edward, to establish this belief on the part of the decedent, that testimony was stricken, and a discussion as to whether it was convincing is not here germane. Suffice it to say that the testimony remaining in the record leaves considerable doubt as to whether the testatrix, at the time she was asserted to have used the words: “ If I don’t come back from the *961 hospital,” was informed or knew that she would go to the hospital later that day.
Although two witnesses were produced whose testimony was consistent with an intent to make the claimed gift, the petitioners have not satisfied their burden to establish the making of the gift itself (see Matter of Guggino, 253 App. Div. 132, affd. 279 N. Y. 692; Butler v. Sherwood, 196 App. Div. 603, affd. 233 N. Y. 655; Matter of Bostwick, supra; Matter of Downey, supra).
There was evidence that in May, Edward did not specifically claim a gift of the money in the trunk but rather of the house, the farm, and the entire corpus of the estate. It is quite evident that the petitioners were gravely disappointed by the terms of the will. It may be that their relationship to the decedent and their years of labor on the farm for little compensation would have justified a different testamentary disposition, and perhaps a gift similar to the one alleged. The difficulty here is that the petitioners have not established the making of such a gift by a fair preponderance of the credible evidence.
The petition is dismissed.
Submit decree on five days’ notice.